**Elizabeth M. STRYCZEK,**
**Appellant–Plaintiff,**

v.

**The METHODIST HOSPITALS,**
**INC., Appellee–Defendant.**

No. 45A03–9405–CV–199.

Court of Appeals of Indiana.

Oct. 27, 1995.

Rehearing Denied Jan. 25, 1996.

engrafted the 30–day requirement into the stat-    ute. Those cases, therefore, are inapplicable.

Timothy S. Schafer, Schafer and Schafer, Merrillville, for appellant.

Peter C. Bomberger, Blackmun, Bomberger & Moran, Highland, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff Elizabeth M. Stryczek (Stryczek) appeals the award of summary judgment in favor of appellee-defendant The Methodist Hospitals, Inc. in Gary, Indiana (Hospital). As restated, the sole issue presented for review is whether the trial court erred in determining that no genuine issue of material fact exists to support Stryczek's claim against Hospital.

The facts upon which the parties agree are recited herein. In January 1988, surgery was performed on Stryczek to remove a tumor. Pathologists at the Hospital concluded that the tumor was a thymoma. Immediately after the surgery, Dr. Bharat Barai, a specialist in chemotherapy, and Dr. Gurbachan Kapoor, a specialist in radiation oncology, began treatment of Stryczek based upon the Hospital pathologists' diagnosis. Dr. Barai questioned the diagnosis and requested pathology opinions from outside sources including City of Hope National Medical Center, Yale University, University of Southern California, and the Armed Forces Institute of Medicine.

The reports from the outside laboratories were all returned to the Department of Pathology at the Hospital. The reports from the outside sources were sent between January 29, 1988 and March 25, 1988. The reports indicated that the tumor was a large-cell lymphoma rather than a thymoma.

Other disputed facts are asserted by the parties including: whether the correct diagnosis was communicated to Stryczek and her physicians, whether the correct diagnosis would have significantly altered the treatments, and whether the treatments based upon the incorrect diagnosis caused Stryczek's subsequent cardiac arrhythmias and cardiac arrest requiring implantation of an Automatic Implantable Cardioverter Defibrillator (AICD).

■ Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. This Court must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. The existence of a genuine issue of material fact shall not be ground for reversal on appeal unless such fact was designated to the trial court and is included in the record. *Brockmeyer v. Fort Wayne Public Transp.* (1993), Ind.App., 614 N.E.2d 605, 606.

■ Initially, Hospital contends that Stryczek failed to properly designate evidentiary matter to support her claim. It is true that "[n]o judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant

thereto shall have been specifically designated to the trial court." Ind.Trial Rule 56(H); *see also Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101. It is also true that the burden is on the moving party to make a prima facie showing through properly designated matter that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law prior to shifting the burden to the non-moving party to demonstrate that issues of material fact remain. *See Kissell v. Vanes* (1994), Ind.App., 629 N.E.2d 878, 880, Baker, J., concurring in result in which Staton, J., concurred; *Pierce v. Bank One–Franklin, NA* (1993), Ind.App., 618 N.E.2d 16, 19.

■ In the present case, neither party complied with the designation requirement contemplated by T.R. 56. Parties may no longer designate entire portions of the record, such as depositions, but must instead specifically identify relevant portions of pleadings, depositions and other evidentiary material upon which the party relies. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434.

■ Here, the Hospital designated entire documents including the complaint, the answer, affidavits, the opinion of the medical review panel, and the proposed complaint before the Commissioner of Insurance. Although some of the documents were one page, no attempt was made to specifically identify the relevant portions of the documents which would support a finding that the Hospital was entitled to summary judgment. The movant's designation must reveal the bases for awarding summary judgment before the burden shifts to the non-movant to specifically identify evidentiary material opposing summary judgment. This is obviously so inasmuch as the proponent of summary judgment must "prove" entitlement to a judgment which short-circuits the normal trial process.

Notwithstanding the burden on the proponent, prudence requires the opponent to meet a request for summary judgment with proper designation. A party would be ill-served by failing to properly designate and to instead rely upon the shortcomings of the proponent's designation to oppose entry of summary judgment.

Stryczek's memorandum in opposition to summary judgment filed September 17, 1993, noted evidentiary matter disclosing material issues of fact. However, Stryczek did not identify the portions of the depositions, affidavits, and other evidentiary matter upon which she relied. Then on September 29, 1993, Stryczek filed a document nominated as "Designation of Materials." It lists entire documents including exhibits, affidavits, depositions, and reports without identifying the portions of the documents relevant to summary judgment.

T.R. 56(C) requires: "At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." The matter to be considered must be designated "[a]t the time of filing the motion or response." T.R. 56; *See Jarvis Drilling v. Midwest Oil Producing* (1993), Ind.App., 626 N.E.2d 821, 824. Stryczek's document purporting to designate was not filed with her responsive motion.

The failure to identify specific portions of documents upon which the parties relied to support and to refute summary judgment requires reversal of the trial court's judgment. The Hospital did not carry its initial burden to adequately demonstrate that it was entitled to summary judgment. Thus, the burden did not shift to Stryczek to meet the designation requirements. The designation errors have thwarted the purpose of the rule change which mandates designation. Besides decreasing the amount of material through which a court must sift to make rulings on summary judgment, *see Pierce,* 618 N.E.2d at 19, advantages such as narrowing the issues and judicial economy have been lost. The entry of summary judgment is reversed, and the cause must be remanded for further proceedings.

Reversed and remanded.

GARRARD and BARTEAU, JJ., concur.