Lana K. OXLEY and Leon A. Oxley, Appellants–Plaintiffs,

v.

Christopher LENN and Raibley & Lenn, LLP, Appellees– Defendants.

No. 82A01–0406–CV–261.

Court of Appeals of Indiana.

Dec. 28, 2004.

See also 762 N.E.2d 1243.

Darlene Robinson, Oakland City, IN, for Appellants.

Fred S. White, Bamberger Foreman Oswald & Hahn, Evansville, IN, for Appellees.

## OPINION

SHARPNACK, Judge.

Lana K. Oxley and Leon A. Oxley (collectively, "the Oxleys") appeal the trial court's grant of summary judgment to their former attorney, Christian [1] Lenn, and his law firm, Raibley & Lenn, LLP (collectively, "Lenn"). The Oxleys raise two issues, which we consolidate and restate as whether the trial court erred by granting summary judgment to Lenn in the Oxleys' legal malpractice case. We reverse and remand.

The relevant facts designated by the parties follow. On April 28, 1998, the Oxleys were involved in an automobile accident with Vicki Matillo. The Oxleys hired Lenn to represent them in their personal injury action against Matillo. On April 25, 2000, Lenn filed a complaint on the Oxleys' behalf against Matillo but did not tender a summons with the complaint. Matillo subsequently filed a motion to dismiss because the Oxleys had failed to tender a summons before the statute of limitation had expired. The trial court granted Matillo's motion to dismiss, and the Oxleys appealed the trial court's dismissal of their complaint to this court. On appeal, we reversed the trial court's order dismissing

---

1. The pleadings and motions filed by Lenn that are contained in the Appellant's Appendix indicate that the case caption from the trial court incorrectly identify him as "Christopher" Lenn instead of "Christian" Lenn.

the Oxleys' complaint. *See Oxley v. Matillo*, 747 N.E.2d 1179, 1179–1180 (Ind.Ct. App.2001), *vacated by* 762 N.E.2d 1243 (Ind.2002). Our supreme court granted transfer on the case, vacated our opinion, and affirmed the trial court's dismissal of the Oxleys' action against Matillo. *See Oxley v. Matillo*, 762 N.E.2d 1243 (Ind. 2002).

On November 7, 2002, the Oxleys filed a complaint for legal malpractice against Lenn. Thereafter, Lenn filed a motion for summary judgment and argued that his failure to tender a summons with the complaint was due to "secretarial inadvertence" and did not constitute legal malpractice because the law regarding whether a summons needed to be filed contemporaneously with the complaint was unsettled at the time he filed the Oxleys' complaint. Appellant's Appendix at 59. The Oxleys responded to Lenn's summary judgment motion and argued that the issue of whether Lenn was negligent in his representation of the Oxleys was an issue of material fact that precluded the granting of summary judgment. The trial court issued the following order, which granted summary judgment to Lenn:

> ... The Court finds that there is a genuine issue of fact as to whether the failure to tender summons when the complaint was filed was mistakenly or purposefully done, but that it is not material to the resolution of this case. The Court finds that [Lenn is] entitled to summary judgment as a matter of law.

The [Oxleys] were involved in an automobile collision on April 28, 1998. They retained Attorney Christian M. Lenn to represent them in a personal injury action against the other driver. Christian M. Lenn is a partner in the law firm of Raibley & Lenn, LLP. There was an attorney-client relationship between the [Oxleys] and [Lenn] as of April 25, 2000. On April 25, 2000[,] Mr. Lenn filed a complaint on the [Oxleys'] behalf in the Hendricks Circuit Court against Vicki S. Matillo. Mr. Lenn did not tender a summons with the complaint. According to the Affidavit of Christian M. Lenn, ... the summons was not included as a result of secretarial inadvertence. Because no summons was included Vicki S. Matillo was not served with the complaint before the statute of limitation expired. As a result of the failure of [Lenn] in this case to tender a summons before the statute of limitation expired[,] the [Oxleys'] lawsuit against Vicki S. Matillo was dismissed. The [Oxleys'] appeal of the dismissal order was not successful. On November 7, 2002, the [Oxleys] brought this malpractice claim against [Lenn].

[Lenn] argue[s] that a lawyer cannot be held liable for a mistake when the law is unsettled, citing *Citizens' Loan, Fund & Sav. Assoc. v. Friedley*, 123 Ind. 143, 23 N.E. 1075 (1890). The rule was discussed in a case from Kansas that found that an attorney's judgment, while incorrect, did not constitute legal malpractice. The Kansas Supreme Court stated the following:

> "While the exception for an error in judgment in legal malpractice actions is a narrow one and should not be employed where the issue is settled and can be identified through ordinary research and investigative techniques, the exception applies in a case such as this, where the law is unclear, unsettled by case law, and is an issue upon which reasonable doubt may well be entertained by informed counsel." *Bergstrom v. Noah*, 266 Kan. 847, 974 P.2d 531, 557 (1999).

The *Bergstrom* court also held that finding no liability for an error in judg-

ment where the law is unsettled is subject to the attorney acting in honest belief that his actions (or inactions) are well founded and in good faith. *Id.* at 534.

[Lenn] contend[s] that when the Complaint was filed on April 25, 2000[,] there was no agreed rule about when the summons had to be tendered. [Lenn argues he] therefore cannot be held liable for the failure to tender the summons contemporaneously with the complaint. [Lenn] further argue[s] that whether [he] purposefully or inadvertently failed to tender the summons is irrelevant, and cannot constitute a genuine issue of material fact.

At the time of the April 25, 2000 filing of the complaint there was conflicting authority as to whether or not a civil action is timely commenced if a plaintiff files a complaint within the statute of limitations period, but does not tender a summons to the clerk within that period. The Indiana Supreme Court decided the case of *Ray–Hayes v. Heinamann,* 760 N.E.2d 172 (Ind.2002), [*reh'g granted*] to resolve a conflict in decisions of the Indiana Court of Appeals concerning that issue. The Indiana Supreme Court subsequently granted a Petition for Rehearing in that case. *Ray–Hayes v. Heinamann,* 768 N.E.2d 899 (Ind.2002). The Supreme Court cited the treatise and statements of Professor William F. Harvey in support of the view that it was not necessary to tender a summons to toll the statute of limitation. The Supreme Court acknowledged the difference of opinion concerning the issue by taking the unusual step of ordering that its ruling apply only prospectively. *Ray–Hayes v. Heinamann,* 768 N.E.2d 899 (Ind.2002), at 901–02. For that reason, this Court finds as a matter of law that there was a divergence of opinion among appellate judges and commenta-

tors on April 25, 2000, and that the issue involved in this case is on a point of law on which reasonable doubt may be entertained by well-informed lawyers. As such, it would not be negligent for an attorney to take mistaken action in that event.

One further issue remains concerning the motion for summary judgment. According to his affidavit, Attorney Lenn was not aware of the Court of Appeals decision in *Fort Wayne Int'l Airport v. Wilburn,* 723 N.E.2d 967 (Ind.Ct.App. 2000)[, *trans. denied]*. That decision stated the rule that it was necessary to tender a summons to toll the statute of limitation. Nevertheless, according to his affidavit, Attorney Lenn *intended* to tender a subpoena when the complaint against Vicki S. Matillo was sent to the Hendricks Circuit Court. He failed to do so as a result of secretarial inadvertence. Attorney Lenn's ignorance of *Fort Wayne Int'l Airport v. Wilburn* notwithstanding, Attorney Lenn apparently believed that a summons should be tendered with the complaint. His affidavit does not state otherwise. Attorney Lenn is responsible for the actions of his secretary, and does not assert his secretary's negligence as a defense in this case. He seeks to be relieved of responsibility for failing to tender the summons that he thought should have been tendered because of the fortuitous occurrence of divergent opinions about whether or not a summons was necessary. It may be a strange result to relieve a lawyer of carelessness for failing to take intended action because lawyers could disagree about whether or not taking the action was required. This is especially true when it turns out that taking the action was necessary. However, if Attorney Lenn did not have a duty to tender the summons in the

circumstances because the law was unsettled, then his belief concerning the state of the law cannot be relevant. It must be Attorney Lenn's actions on behalf of his clients that would be evaluated by a jury in this case and not his beliefs.

The Court concludes that if it not negligent to fail to tender a summons, the fact that Attorney Lenn intended to tender the summons but his secretary failed to do so will not change that result.

IT IS THEREFORE ORDERED that [Lenn's] Motion for Summary Judgment is hereby granted, and judgment is entered in favor of Defendants Christian M. Lenn and Raibley & Lenn, LLP on [the Oxleys'] complaint. This is a final order.

Appellant's Appendix at 7–9.

The sole issue is whether the trial court erred by granting summary judgment to Lenn in the Oxleys' legal malpractice case. Our standard of review for the grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id.* Review of a summary judgment motion is limited to those materials designated to the trial court. *Id.*

Where a trial court enters findings of fact and conclusions thereon in granting a motion for summary judgment, as the trial court did in this case, the entry of specific findings and conclusions does not alter the nature of our review. *Rice v. Strunk*, 670 N.E.2d 1280, 1283 (Ind.1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

■ To prove a legal malpractice claim, a plaintiff-client must show: (1) employment of an attorney (duty); (2) failure by the attorney to exercise ordinary skill and knowledge (breach); (3) proximate cause (causation); and (4) loss to the plaintiff (damages). *Rice*, 670 N.E.2d at 1283–1284; *Picadilly, Inc. v. Raikos*, 582 N.E.2d 338, 344 (Ind.1991). A defendant is entitled to judgment as a matter of law when undisputed material facts negate at least one element of a plaintiff's claim. *Douglas v. Monroe*, 743 N.E.2d 1181, 1184 (Ind.Ct.App.2001).

■ The Oxleys argue that the trial court erred by granting summary judgment because the question of whether Lenn's failure to submit a summons with the complaint constituted negligence, i.e., a breach of Lenn's duty to his clients, is a question of fact best left to a jury and not a question of law as decided by the trial court. Lenn argues that "as a matter of law, [his] failure to tender [the] summons does not constitute legal malpractice."[2]

---

2. To support his claim that his failure to tender the summons with the complaint did not constitute legal malpractice, Lenn "direct[s] this Court's attention" to the argument section of his summary judgment brief submitted to the trial court and asks us to incorporate by reference said argument. We refuse to do so. Ind. Appellate Rule 46(B)(2) provides that argument contained in an appellee's brief "shall address the contentions raised in the appellant's argument." Lenn may not evade this requirement by referring us to arguments found in a brief filed at some earlier point in the case. *See Pluard ex rel. Pluard v. Patients*

Appellee's Brief at 7. Lenn argues that his failure to tender the summons was reasonable because at the time he filed the Oxleys complaint "[t]here was no requirement that the summons be tendered with the complaint in order to toll the statute of limitations and, in fact, the decision in *Taylor v. Lewis*, 577 N.E.2d 986 (Ind.App. 1991) held to the contrary." Appellee's Brief at 4.

We agree that in *Taylor* we held Ind. Trial Rule 3 "require[d] only the filing of a complaint to commence the [civil] action and to toll the statute of limitations[,]" *Taylor*, 577 N.E.2d at 989; however, we disagree with Lenn's characterization of the state of the law at the time Lenn filed the Oxleys' complaint in April 2000. In February 2000, we held that it was necessary to file a summons along with the complaint when commencing a civil action. *Fort Wayne Int'l Airport v. Wilburn*, 723 N.E.2d 967, 968–969 (Ind.Ct.App.2000) (citing *Boostrom v. Bach*, 622 N.E.2d 175 (Ind.1993), *reh'g denied, cert. denied*, 513 U.S. 928, 115 S.Ct. 318, 130 L.Ed.2d 279 (1994), *reh'g denied* ), *trans. denied.* Thus, at the time Lenn filed the Oxleys' complaint, there was existing case law that required that the summons be tendered at the same time the complaint was filed.

The trial court acknowledged the different case law when it concluded that at the time of the filing of the complaint "there was conflicting authority as to whether or not a civil action is timely commenced if a plaintiff files a complaint within the statute of limitations period, but does not tender a summons to the clerk within that period." Appellant's Appendix at 8. The trial court then concluded that "as a matter of law" because there was a "divergence of opinion ... on which reasonable doubt may be entertained by well-informed lawyers[,]" Lenn was not negligent for his failure to file the summons with the complaint, which resulted in the dismissal of the Oxleys' claim. Appellant's Appendix at 8. In other words, the trial court found as a matter of law that Lenn was entitled to summary judgment because he negated the second element of a legal malpractice claim, i.e., the failure by the attorney to exercise ordinary skill and knowledge or the breach of duty. We cannot agree.

Whether a particular act or omission is a breach of a duty is generally a question of fact. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1372 (Ind.1992). It can, however, be a question of law when the facts are undisputed and only a single inference can be drawn from the facts. *Id.* This Court must liberally construe all designated evidentiary matter in favor of the nonmoving party and resolve any doubt against the moving party. *Stryczek v. Methodist Hospitals, Inc.*, 656 N.E.2d 553, 554 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* Even if it appears that the nonmoving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *Id.* In negligence cases, summary judgment is rarely appropriate because "negligence cases are particularly fact sensitive and are gov-

*Compensation Fund*, 705 N.E.2d 1035, 1038–39 (Ind.Ct.App.1999) (holding that an attempt to incorporate an entire argument raised and argued in the trial court by reference in a footnote does not comply with either the letter or the spirit of former Appellate Rules), *trans. denied; Greg Allen Const. Co., Inc. v. Estelle*, 762 N.E.2d 760, 778–779 (Ind.Ct.App.2002) (finding that an appellant had waived an issue for appellate review where it had presented no argument for this court's review where the appellant had merely asked to incorporate by reference the appellant's argument made to the trial court), *aff'd in relevant part, vacated in part on other grounds by* 798 N.E.2d 171 (Ind.2003). Thus, we will only consider the argument contained in Lenn's Appellee's Brief.

erned by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence." *Rhodes v. Wright,* 805 N.E.2d 382, 387 (Ind.2004).

Here the following facts are undisputed: (1) case law prior to *Wilburn* held that Ind. Trial Rule 3 required only the filing of a complaint to commence a civil action and to toll the statute of limitations, *see, e.g., Taylor,* 577 N.E.2d at 989; (2) in February 2000, we held in *Wilburn* that it was necessary to file a summons along with the complaint when commencing a civil action, *see Wilburn,* 723 N.E.2d at 968–969; (3) in April 2000, Lenn filed the Oxleys' complaint but did not tender a summons; and (4) the trial court dismissed the Oxleys' personal injury claim against Matillo for failure to file the summons.

Although the facts are undisputed, such facts do not necessarily lead to a single inference and, indeed, lead to conflicting inferences, thereby rendering summary judgment improper. *See, e.g., Frazier v. Mellowitz,* 804 N.E.2d 796, 805–806 (Ind.Ct.App.2004) (reversing the grant of summary judgment where the facts did not lead to only one conclusion on the issues of whether the defendant's breach was material). We cannot agree with the trial court's conclusion that the existence of a conflict of law automatically renders an attorney's action or inaction as not negligent. Instead, it is for the jury to determine, given the then existing conflict of case law, whether Lenn breached his duty by failing to exercise ordinary skill and knowledge when he failed to tender the summons at the time he filed the complaint. Furthermore, expert testimony is usually required in a legal malpractice action to establish the standard of care by which the defendant attorney's conduct is measured. *Thomsen v. Musall,* 708 N.E.2d 911, 912 (Ind.Ct.App.1999), *reh'g granted in part,* 713 N.E.2d 900 (Ind.Ct.

App.1999), *trans. denied.* Consequently, we must conclude that summary judgment is inappropriate. Thus, the trial court erred by granting Lenn's motion for summary judgment. *See, e.g., Robertson v. Bond,* 779 N.E.2d 1245, 1249 (Ind.Ct.App. 2002) (holding in a medical malpractice case that summary judgment is rarely appropriate where the critical question for resolution is whether the defendant exercised the requisite degree of care under the circumstances), *trans. denied.*

For the foregoing reasons, we reverse the trial court's grant of Lenn's motion for summary judgment and remand to the trial court for further proceedings.

Reversed and remanded.

BAILEY, J., and VAIDIK, J., concur.