**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**JAMES A. GEIGER**
**MATTHEW W. CONRAD**
Geiger Conrad & Head LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**JOHN C. TRIMBLE**
**NEAL BOWLING**
Lewis Wagner LLP
Indianapolis, Indiana



FILED

Oct 12 2012, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAWRENCE A. SMITH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1201-CT-20 |
| | ) | |
| DENNIS A. WILLIAMS and | ) | |
| GIDDINGS, WHITSITT & WILLIAMS, P.C., | ) | |
| | ) | |
| Appellee-. | ) | |

APPEAL FROM THE BOONE CIRCUIT COURT
The Honorable Matthew C. Kincaid, Special Judge
Cause No. 06C01-1002-CT-145

**October 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Lawrence A. Smith (Smith) appeals from the trial court's order granting summary judgment in favor of Dennis A. Williams (Williams) and Giddings, Whitsitt & Williams, P.C. (the Firm) in Smith's legal malpractice action against Williams and the Firm. Lawrence presents three issues for our review, the following of which is dispositive: Was Smith's lawsuit untimely filed?

We affirm.

Smith was arrested in Boone County on November 11, 2001, and was charged with one count of operating a vehicle while intoxicated in a manner endangering a person, one count of felony operating a vehicle while intoxicated with a prior conviction in the past five years, one count of public intoxication, and one count of driving while suspended. Two and a-half months after the arrest, the Indiana Bureau of Motor Vehicles (BMV) deemed Smith to be a habitual traffic violator and suspended his driver's license for ten years effective March 1, 2002. Williams was appointed to represent Smith on the charges on September 27, 2005, after Smith's arrest for failure to appear for a court date on these charges in January of 2002. Williams is an employee and shareholder of the Firm.

During the course of Williams's representation of Smith, he advised Smith to accept a plea agreement, the terms of which called for him to plead guilty to one count of felony operating a vehicle while intoxicated with a prior conviction and operating a motor vehicle while suspended as a habitual traffic violator (HTV). Smith relied upon Williams' advice and accepted the plea offer. As a result of his guilty plea, Smith received a three-year sentence on each count, to be served consecutively.

While incarcerated, Smith filed a pro se petition for post-conviction relief on May 3, 2006. Two consecutive attorneys with the State Public Defender's Office filed appearances on Smith's behalf, but simultaneously filed notices of their inability to investigate and perform substantive work on Smith's petition due to a heavy caseload and the office's first-come, first-served policy. In the meanwhile, Smith wrote to the BMV and inquired about the status of his driver's license. In a letter dated March 14, 2008, the BMV informed Smith that his HTV suspension had taken effect on March 1, 2002. Thus, at the time of Smith's arrest in November of 2001, he was not committing the crime of driving while under an HTV suspension.

Smith completed the sentence for his convictions and was released from prison on December 18, 2008. In May of 2009, the Boone County Prosecutor's Office agreed that Smith had not committed the HTV offense and his HTV conviction was vacated.

Smith filed his legal malpractice action against Williams, the Firm, and Boone County on February 12, 2010. In particular, the complaint alleged legal malpractice by Williams and vicarious liability on the part of the Firm and Boone County. Smith contended that Williams, while serving as court-appointed defense counsel, erroneously advised Smith to plead guilty to the HTV offense, a crime he had not committed. Smith was sentenced to three years in prison for the HTV offense, of which he served eighteen months with the application of good behavior credit.

The trial court granted Boone County's motion to dismiss and the case proceeded against Williams and the Firm. Williams and the Firm filed a motion for summary judgment, which was ultimately granted by the trial court. Williams and the Firm argued that Smith's

3

lawsuit was untimely under the statute of limitations for legal malpractice actions, and that Smith suffered no harm as a result of Williams's representation because his sentencing exposure for a habitual substance offender (HSO) conviction, for which Smith would have been eligible, was three to eight years.

Smith deposed Williams and J. Jeffrey Edens (Edens), the deputy prosecutor who negotiated Smith's plea agreement and who now serves as the judge of the Boone Circuit Court.[1] After the depositions, Smith filed a cross-motion for partial summary judgment on the issue of liability. Smith also filed a motion to strike the affidavit of Edens, which was used by Williams and the Firm in support of their motion for summary judgment.

On December 23, 2011, the trial court granted limited summary judgment in favor of Smith on the elements of duty and breach, and denied his motion to strike Edens's affidavit. The trial court granted Williams's and the Firm's motion for summary judgment, which disposed of the lawsuit. This appeal ensues.

Our standard of review for a summary judgment order is well settled. Summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Huntington v. Riggs,* 862 N.E.2d 1263 (Ind. Ct. App. 2007), *trans. denied.* If the moving party meets these two requirements, the burden shifts to the nonmovant to set

---

[1] Edens recused himself from the case and a special judge was appointed in this action.

4

forth specifically designated facts showing that there is a genuine issue of material fact for trial. *Id.* "A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue." *Id*.

"On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage." *Id.* We do not reweigh the evidence, and we will liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Huntington v. Riggs,* 862 N.E.2d 1263.

"To prove a legal malpractice claim, a plaintiff-client must show: (1) employment of an attorney (duty); (2) failure by the attorney to exercise ordinary skill and knowledge (breach); (3) proximate cause (causation); and (4) loss to the plaintiff (damages)." *Oxley v. Lenn,* 819 N.E.2d 851, 855 (Ind. Ct. App. 2004). It is appropriate for a trial court to grant a defendant summary judgment on a legal malpractice claim if the designated evidence negates at least one of these elements. *Flatow v. Ingalls,* 932 N.E.2d 726, 729 (Ind. Ct. App. 2010), *trans. denied* (2011).

Smith argues that the trial court erred by granting summary judgment to Williams and the Firm on the ground that his claim was barred by the statute of limitations. The statute of limitations for a legal malpractice action is two years. Ind. Code Ann. §34-11-2-4 (West, Westlaw current with all 2012 legislation). "[L]egal malpractice actions are subject to the 'discovery rule,' which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have

5

discovered, that he had sustained an injury as the result of the tortious act of another."

*Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003) (citing

*Morgan v. Benner*, 712 N.E.2d 500 (Ind. Ct. App. 1999)).

The trial court found as follows:

11.     The Court, while it pursued one question on this subject when [Smith], as the criminal defendant stated that he did not know his license was suspended, concluded the factual basis to have been met when he acknowledged that his mailing address had not changed—apparently concluding that the issue was one of constructive notice versus actual knowledge.

12.     [Smith], by his answer at the plea hearing was on notice at that time, that there was a problem with the plea of guilty to driving while suspended as an HTV.

13.     [Smith] did not speak up and there is a very good reason he did not.

14.     If [Smith] had spoken up, then the plea agreement would have failed and instead of facing three years for drunk driving and three for driving while suspended he would have faced three years for drunk driving and three *to eight years* for being a habitual substance offender.

15.     It is a fact that Williams missed this defect.

16.     It is also a fact however, that Williams' missing of this defect was known or should have been known to [Smith] on February 7, 2006 when he plead guilty.

17.     [Smith] filed a pro-se Petition for Post Conviction Relief May 3, 2006, where he complained of poor work done by Williams, --ineffective assistance of counsel a recognized basis to overturn a conviction.

18.     The Indiana Public Defender was appointed for Mr. Smith and gave notice of present inability to investigate on May 15, 2006.  Then another attorney from the Indiana Public Defender entered an appearance on April 16, 2007.

## LEGAL CONCLUSIONS

1. As a matter of law, the statute of limitations for an attorney malpractice claim is two years. The period runs from the date the cause is discovered. A cause is discovered when an aggrieved person knows or should know that he had a claim.

2. [Smith] filed suit on February 12, 2010.

3. Where there is no genuine issue of material fact necessitating trial by jury and a movant is entitled to judgment as a matter of law, summary judgment is appropriate.

4. As a matter of law, the receipt of the document from the BMV in March of 2008 is not the triggering date for discovery.

5. As a matter of law, a reasonable person in Mr. Smith's position would have or should have known about the problems with his plea well before that.

6. There are at least three events that mark the discovery of this cause before two years prior to the date of filing suit.

7. First, [Smith] admitted to the charge even though he did not know his license was suspended.

8. Second, [Smith] filed a PCR asserting ineffective assistance of counsel almost four years before he sued Williams. All claims of ineffective assistance of counsel necessarily aver that an attorney committed malpractice. Put another way, as a matter of law, all claims of a breach of a professional duty by a lawyer (even by a criminal defense lawyer) are not necessarily ineffective assistance of counsel. But any time a litigant claims his attorney was ineffective under the 6th Amendment[,] that litigant is necessarily claiming that the lawyer committed an act that would be malpractice if proximate cause and damages were also met.

9. Third, Mr. Smith had a lawyer charged with pursuing his PCR in May of 2006.

10. That means as a matter of law [Smith] had discovered his cause in the Spring of 2006[.]

11. There is no genuine issue of material fact that the statute of limitations has run, before filing.

12. It was a failure by Mr. Williams to exercise ordinary care to not notice the lack of a suspension of Plaintiff's license at the time he was driving drunk.

13. But, there is no genuine issue of material fact that Mr. Smith's incarceration for three years (excluding good time) on the driving while suspended conviction was not proximately caused by Mr. Williams'[s] oversight because the State gave up and [Smith] gained the concession that an HSO enhancement would not be sought.

## JUDGMENT

WHEREFORE, for either and both reasons that [Smith] missed the statute of limitations to sue Williams and [the Firm] or that any negligence by Williams was not the proximate cause of [Smith's] damages, Williams and [the Firm] are entitled to and are now GRANTED Summary Judgment in their favor and against [Smith] on all theories in [Smith's] Complaint.

[Smith] is GRANTED a partial summary judgment on the limited issue that Mr. Williams breached a duty not to correctly ascertain Mr. Smith's license status.

*Appellant's Appendix* at 7-9 (emphasis in original).

We have previously stated the following about statutes of limitation:

In Indiana, statutes of limitation are favored because they afford security against stale claims and promote the peace and welfare of society. They are enacted upon the presumption that one having a well-founded claim will not delay in enforcing it. The defense of a statute of limitation is peculiarly suitable as a basis for summary judgment.

. . . .

For a cause of action to accrue, it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred.

. . . .

8

Specifically, statutes of limitation are designed to encourage the prompt presentation of claims and to assure fairness to defendants. The limitations period also ensures that defendants receive formal, seasonable notice of claims. However, the harshness of rules which limit a party's time to bring a claim has been softened by the discovery rule, which tolls the running of the statute of limitations until a party either knows, or should have known, about his injury.

*Silvers v. Brodeur*, 682 N.E.2d 811, 813-17 (Ind. Ct. App. 1997) (internal citations omitted).

We agree with the trial court that Smith knew or should have known of his claim at the latest when he filed his petition for post-conviction relief on May 3, 2006. In his *pro se* petition, Smith stated the following in pertinent part as grounds for relief:

My [attorney] said [I] could not change my plea to not guilty. . . . I wanted a Jury [Trial], misdemeanor was used to enhance habitual traffic[] violator. On 4-10-01, I was told by my [attorney] I have already [entered] a guilty plea. Befor[e] I read my pre-sentence investigation. . . . I would have never[] [taken a] 2-3 year sent[ence] running wild or [separate]. . . . All my other D.W.I. [convictions were] drop[ped] to class A misde[]meanors I did my time in the county jail. 120 days, on all my D.W.I.s or work re[lease] 90 days.

*Appellant's Appendix* at 110-11. Thus, Smith was challenging the convictions used to support his HTV plea in his petition for post-conviction relief. His cause of action for legal malpractice is barred by the statute of limitations because it was not brought until 2010.

Smith did submit a sworn declaration in support of his opposition to Williams's and the Firm's motion for summary judgment, in which he claimed that the March 14, 2008 letter from the BMV was the first time he discovered that he had not been deemed a HTV at the time of his arrest. He argues on appeal that this at a minimum establishes a question of fact precluding summary judgment. The crucial issue here, though, is when he first was aware that there was a problem with his guilty plea to the HTV offense, an offense to which he pleaded guilty based upon Williams's advice. The petition for post-conviction relief shows

that Smith first alleged a problem with that conviction in 2006. Further, Smith stated during his guilty plea hearing on February 7, 2006, that he "knew [his driving privileges] were suspended but not as a traffic violator." *Appellant's Appendix* at 61. Smith's legal malpractice action against Williams and the Firm was barred by the statute of limitations. The trial court did not err by entering summary judgment in favor of Williams and the Firm on this basis.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.