**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANTS:

**WILLIAM W. KNOWLES**
**JENNIFER WINNETT DENNISTON**
Knowles & Associates, P.C.
Carmel, Indiana

**ROBERT M. OAKLEY**
Dilley & Oakley, P.C.
Carmel, Indiana

**DAVID J. BURTON**
Richmond, Indiana

ATTORNEYS FOR APPELLEES THOMAS PRICE II, KARI MOORE, KAY PRICE, FIRST FRIENDS CHURCH, and EARLHAM COLLEGE:

**CURTIS E. SHIRLEY**
Indianapolis, Indiana

**PHILIP C. THRASHER**
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE BARBARA MONAHAN:

**BRADLEY J. DOUGHERTY**
Indianapolis, Indiana

FILED

Dec 31 2012, 11:02 am

CLERK
of the supreme court, court of appeals and tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DEMARIS SNYDER WEHR, TIMOTHY JOHN SNYDER, TERENCE GLEN SNYDER, and DANIEL OWEN SNYDER, )
)
)
)
    Appellants-Plaintiffs, )
)
          vs. )    No. 89A04-1202-PL-76
)
THOMAS PRICE II, individually and as the named )
executor of the estate of Nilah Snyder, THOMAS )
PRICE II, as trustee of the Nilah Snyder Trust, )
BARBARA MONAHAN, KARI MOORE, )
THOMAS PRICE II, KAY PRICE, FIRST )
FRIENDS CHURCH, and EARLHAM COLLEGE, )
)
    Appellees-Defendants. )

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory A. Horn, Judge
Cause No. 89D02-1102-PL-10

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

### Case Summary

Orval Snyder and his wife Nilah signed reciprocal wills that left the residuary estate of the first spouse to die to the surviving spouse, with the surviving spouse's residuary estate to be distributed equally among their seven children from prior marriages. Orval died first, and his residuary estate was distributed to Nilah. After Orval's death, Nilah transferred assets to a trust for which she had named her three children and First Friends Church and Earlham College as beneficiaries. When Nilah died, her probate estate had no assets. Orval's four children sued the trust beneficiaries for breach of contract and tortious interference with an inheritance. The beneficiaries filed a motion for judgment on the pleadings. The trial court granted the motion, concluding that the beneficiaries had not breached any contract or tortiously interfered with any inheritance.

On appeal, Orval's children assert that the trial court erred in granting the beneficiaries' motion for judgment on the pleadings. Finding no error, we affirm.

**Facts and Procedural History**

The relevant facts are undisputed.[1] Orval and Nilah were married in 1973. They had no children together. Orval had four children from a prior marriage: Demaris Snyder Wehr, Timothy Snyder, Terence Snyder, and Daniel Snyder (collectively, "Appellants"). Nilah had three children from a prior marriage: Thomas Price II, Barbara Monahan, and Philip Price, who is deceased.

In January 1985, Orval and Nilah signed reciprocal wills, which provide that when the first spouse dies, the residue of the estate is to be distributed to the surviving spouse. After the death of the surviving spouse, the residue of that spouse's estate is to be distributed equally among the seven children and stepchildren. The wills also contain a provision stating that the testator and the testator's spouse had "made Wills containing certain mutual provisions in favor of each other and in favor of [their] respective children with the understanding and upon the condition that neither of [them] will revoke such provisions nor make any changes therein without the written consent of the other." Appellees' App. at 26, 29. Orval's will names Nilah as the executrix, and Nilah's will names Thomas Price II as the executor.

Orval died in April 1993, and his will was probated. The residuary estate was distributed to Nilah pursuant to the terms of the will. After Orval's death, Nilah transferred assets to the Nilah Snyder Trust, which had been created on the same date that the wills were signed. Thomas Price II is the trustee of Nilah's trust. Nilah died in September 2010. Her

---

[1] Our factual recitation is based primarily on the trial court's excellent findings.

3

will was probated, but no estate was ever opened and no personal representative was ever appointed. Nilah's probate estate had no assets after expenses.

On February 23, 2011, Appellants filed a complaint against Thomas Price II (individually and as the named executor of Nilah's estate and the trustee of Nilah's trust), Barbara Monahan, Kay Price (Philip's widow), Kari Moore (Philip's adopted daughter), First Friends Church, and Earlham College (collectively, "Appellees"). Appellees are the named beneficiaries of Nilah's trust. On March 7, 2011, Appellants filed a two-count amended complaint, to which they attached Orval's and Nilah's wills. The first count is entitled "BREACH OF CONTRACT" and reads in pertinent part as follows:

6. Nilah Snyder was contractually bound to comply with the plan for the distribution of assets set forth in her reciprocal Will.

7. Following the death of Orval Snyder, Nilah Snyder transferred property to the Nilah Snyder Trust, thereby altering the plan for the distribution of assets at her death and breaching her obligation to Orval to dispose of the property in the manner set forth in her reciprocal Will dated January 29th, 1985.

8. Nilah Snyder's action with respect to said property defeated the contractual plan for the distribution of assets which constitutes a breach of the contract not to change the plan for the distribution of assets, between Nilah Snyder and her late husband, Orval Snyder.

9. The Plaintiffs herein, as third party beneficiaries of the contract between Nilah Snyder and Orval Snyder, have been damaged by Nilah Snyder's Breach in that they have been denied their respective share of the assets which were the subject of said contract.

Appellees' App. at 16, 17.[2]

---

[2] In its order, the trial court noted that Appellants had received $520,040 of non-probate property after Orval's death. Appellants' App. at 18 (finding 9).

4

The second count is entitled "TORTIOUS INTERFERENCE WITH INHERITANCE" and reads in pertinent part as follows:

1.      An expectancy of Inheritance was created when the Plaintiffs were named as beneficiaries of the Last Will and Testaments of Nilah and Orval Snyder dated January 29th, 1985.

2.      As a result of the intentional transfer of property into the Nilah Snyder Trust, the Plaintiffs were prevented from receiving their expected inheritance.

3.      The intentional transfer of assets to the Nilah Snyder Trust constitutes tortious conduct because:

    a)      Nilah Snyder, as executrix of the Orval Snyder Estate, had a fiduciary duty to the Plaintiffs, who were named beneficiaries of Orval and Nilah Snyder's reciprocal Wills.

    b)      Nilah Snyder received assets at the death of Orval Snyder, which she subsequently transferred to the Nilah Snyder Trust, as a result of her confidential relationship with her husband, Orval Snyder.

    c)      The transfer of assets to the trustee of the Nilah Snyder Trust constitutes a breach of fiduciary duty and an abuse of a confidential relationship.

4.      The aforementioned tortious conduct caused the loss of the Plaintiffs' expected inheritance.

*Id*. at 18.

Appellees filed a motion for judgment on the pleadings pursuant to Indiana Trial Rule 12(C), and Appellants filed a response. After a hearing, on January 23, 2012, the trial court issued an order granting Appellees' motion that contains extensive findings and conclusions, including the following trenchant observation:

5

Plaintiffs have not alleged that any of the named Defendants breached any contract, tortiously interfered with any inheritance, or breached any fiduciary duty. If, as Plaintiffs contend, Plaintiffs were damaged by Nilah accepting an inheritance from Orval and, then, transferring that inheritance to her trust, the complaint should have been timely filed as a claim in Nilah's estate. Instead, Plaintiffs have chosen to file suit against a group of Defendants who have performed no wrongful acts.

Appellants' App. at 22 (conclusion 18). This appeal ensued.[3]

## Discussion and Decision

Appellants contend that the trial court erred in granting Appellees' motion for judgment on the pleadings. It is well settled that

a motion for judgment on the pleadings pursuant to Rule 12(C) attacks the legal sufficiency of the pleadings. The test to be applied when ruling on a Rule 12(C) motion is whether, in the light most favorable to the non-moving party and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claim. In applying this test, we may look only at the pleadings, with all well-pleaded material facts alleged in the complaint taken as admitted, supplemented by any facts of which the court will take judicial notice. The standard of review is de novo, and we will affirm the trial court's grant of a Rule 12(C) motion for judgment on the pleadings when it is clear from the face of the pleadings that one of the parties cannot in any way succeed under the operative facts and allegations made therein.

*Fox Dev., Inc. v. England*, 837 N.E.2d 161, 165 (Ind. Ct. App. 2005) (citations omitted).

At the outset, we must express our frustration with Appellants' failure to include in their appendix a copy of either the pleadings or the filings related to Appellees' motion for judgment on the pleadings, in violation of Indiana Appellate Rule 50(A). *See* Ind. Appellate

---

[3] In a footnote in their brief, Appellees state that they "moved to dismiss the appeal for multiple reasons, which the motions panel denied. We here incorporate our motion to dismiss and ask the Court to reconsider the motions panel decision and dismiss the appeal." Appellees' Br. at 2 n.2. We decline Appellees' request because, as we have said before, a party "may not incorporate argument from another source by reference." *Dave's Excavating, Inc. v. City of New Castle*, 959 N.E.2d 369, 376 (Ind. Ct. App. 2012) (citing *Oxley v. Lenn*, 819 N.E.2d 851, 856 n.2 (Ind. Ct. App. 2004)), *trans. denied*.

Rule 50(A)(2)(f) (stating that an appellant's appendix "*shall contain* … pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal") (emphasis added). If Appellees had not included these documents in their appendix, it would have been extremely difficult, if not impossible, to review Appellants' claims of error regarding the trial court's ruling on the legal sufficiency of their pleadings.[4]

Regarding the breach of contract claim, Appellants correctly observe that "an intended third-party beneficiary may directly enforce a contract." Appellants' Br. at 6 (citing, *inter alia*, *Mogensen v. Martz*, 441 N.E.2d 34, 35 (Ind. Ct. App. 1982)). That said, Appellants cite no authority for the proposition that a third-party beneficiary may enforce a contract against anyone other than a party or a privy to the contract. *Cf. Guraly v. Tenta*, 125 Ind. App. 527, 533, 132 N.E.2d 725, 727 (1956) ("Specific performance can not be enforced against one who is neither a party nor privy to the contract and on whom it is not binding, or by whom no duty under the contract has been assumed."), *trans. denied*; *Alexander v. Dowell*, 669 N.E.2d 436, 440 (Ind. Ct. App. 1996) (quoting *Guraly*). Appellees are neither parties nor privies to any contract between Orval and Nilah, but merely fellow third-party beneficiaries. Moreover, Nilah complied with her agreement not to revoke her will, and to the extent her transfer of assets to her trust may have been contrary to the intent of the reciprocal wills, Appellees are simply not the proper parties to answer for it.

---

[4] We note that Appellees' appendix contains a copy of the transcript of the hearing on their motion for judgment on the pleadings, in violation of Indiana Appellate Rule 50(F). *See* Ind. Appellate Rule 50(F) ("Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix.").

As for the tortious interference and breach of fiduciary duty claims, Appellants make no cognizable arguments in their initial brief. Consequently, any issues regarding these claims are waived. *See Kelly v. Levandoski*, 825 N.E.2d 850, 857 n.2 (Ind. Ct. App. 2005) ("[A]ny argument an appellant fails to raise in his initial brief is waived for appeal."), *trans. denied.*[5] In sum, we affirm the trial court's grant of Appellees' motion for judgment on the pleadings.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.

---

[5] Appellants also make some vague references to fraud, but their complaint contains no specific averments of fraud, as is required by Indiana Trial Rule 9(B).