# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 31 2016, 9:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Terry A. White
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Beth Ann Bailey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2016

Court of Appeals Case No.
82A01-1511-CR-2024

Appeal from the Vanderburgh Circuit Court

The Honorable Kelli E. Fink Magistrate

Trial Court Cause No.
82C01-1504-F5-002084

**Pyle, Judge.**

## Statement of the Case

In this discretionary interlocutory appeal, Beth Ann Bailey ("Bailey") attempts to appeal the trial court's interlocutory order, which granted in part and denied in part her motion to suppress evidence. Because Bailey failed to timely file her notice of appeal after this Court accepted jurisdiction over this discretionary interlocutory appeal and because we find no extraordinary compelling reasons to restore her forfeited right to this interlocutory appeal, we dismiss the appeal.

We dismiss.[1]

## Issue

Whether this discretionary interlocutory appeal should be dismissed because Bailey failed to timely file a notice of appeal.[2]

## Facts

Because of our disposition of this appeal, we will not delve into detailed facts surrounding the events leading up to the search of Bailey's house. On April 8, 2015, around midnight, Evansville police officers—after smelling the "heavy"

---

[1] In a separate opinion, issued contemporaneously with this opinion, we also dismiss the discretionary interlocutory appeal of Bailey's husband and co-defendant, Hilton Hazelwood. *See Hazelwood v. State*, 82A01-1511-CR-2039.

[2] As part of her appeal, Bailey challenged the trial court's partial denial of her motion to suppress. As part of the State's cross-appeal, the State raised this challenge to the timeliness of the notice of appeal and also raised a challenge to the trial court's partial grant of Bailey's suppression motion. Because we conclude that the State's argument regarding the timeliness of Bailey's notice of appeal is dispositive, we address only that issue.

odor of "green" [3] or raw marijuana emanating from the house of Bailey and her husband, Hilton Hazelwood ("Hazelwood")—went to the house to conduct a "knock and talk." (Tr. 10, 14). When the officers went onto the porch of the house, the odor of the green marijuana "intensified[.]" (Tr. 13). Bailey and Hazelwood, who came outside their house and onto the porch, declined to consent to a search of their home. The officers placed Bailey and Hazelwood in handcuffs, informed them that they were going to obtain a search warrant, and took them inside the house. During a protective sweep of the house, officers searched the basement and discovered over fifty marijuana plants and grow lights. When filing the affidavit for a search warrant, the officers relied on the smell of marijuana and the marijuana found in the basement during the protective sweep. The Honorable Richard D'Amour signed the search warrant at 2:30 a.m. on April 9, 2015. Upon execution of the search warrant, the officers found some marijuana plants and shears used to trim the plants into a form in preparation for sale. The officers also found some marijuana smoking pipes.

[4] The State charged Bailey with Count I, Level 5 felony dealing in marijuana (based on the amount of marijuana weighing at least ten pounds);[4] Count II,

---

[3] During the suppression hearing, an officer testified that "green" marijuana was "unburned, unsmoked . . . marijuana . . . from a plant or like something that's been freshly packaged." (Tr. 11).

[4] IND. CODE § 35-48-4-10.

Level 6 felony maintaining a common nuisance;[5] and Count III, Class B misdemeanor possession of marijuana (based on growing or cultivating marijuana).[6] The State also charged Hazelwood with these same three charges.

[5] Subsequently, on May 27, 2015, Bailey filed a motion to suppress the marijuana seized by police. Bailey asserted that the protective sweep search violated her rights against unreasonable search and seizure under both the United States and Indiana Constitutions. She also argued that the search warrant was "deficient" and "illegal" because it was "predicated upon evidence unlawfully obtained by a trespassing police officer." (App. 13). That same day, Hazelwood filed an identical motion to suppress.[7]

[6] On June 18, 2015, the trial court held a consolidated hearing on Bailey's and Hazelwood's suppression motions. Thereafter, on September 17, 2015, the trial court issued a joint order in which it granted in part and denied in part the suppression motions ("interlocutory order"). Specifically, the trial court's interlocutory order provided as follows:

> Officers initially went to the residence of the defendants [Bailey and Hazelwood] after they identified the odor of marijuana coming from the residence. The officer then conducted a "knock and talk," at which time the defendants declined to give consent

---

[5] I.C. § 35-48-4-13. This statute has since been repealed, effective July 1, 2016. *See* P.L. 59-2016, § 8. A charge for maintaining a common nuisance is now codified under INDIANA CODE § 35-45-1-5.

[6] I.C. § 35-48-4-11.

[7] Bailey and Hazelwood were represented by the same attorney and continue to be so on appeal.

for officers to enter the residence. Officers then handcuffed the defendants, entered the home, placed the defendants on the couch, and conducted a protective sweep of the home. The officers did not have a search warrant when they entered the home, and there were no exigent circumstances to justify a warrantless entry into the home. Any observations made or evidence found by the officers during this warrantless entry and the subsequent protective sweep are suppressed.

Law enforcement officers then obtained a search warrant for the residence based on their initial smell of marijuana and observations made during the initial entry and protective sweep. Probable cause to search the residence existed even without the evidence that the court has ordered suppressed because the search warrant was also based on officers' testimony that they smelled the odor of marijuana and were able to identify the odor as coming from the residence of the defendants.

Therefore, any evidence first observed during the initial entry and protective sweep into the residence is ordered suppressed. Any other evidence which was first observed only after the execution of the search warrant is not suppressed.

(App. 9-10).

[7] On October 15, 2015, Bailey filed a motion to certify the interlocutory order for appeal. Six days later, the trial court granted Bailey's motion and certified its order for interlocutory appeal. Thereafter, on November 19, 2015, Bailey filed a motion with this Court seeking permission to file an interlocutory appeal. On December 18, 2015, our Court granted Bailey's motion and accepted

jurisdiction over this discretionary interlocutory appeal.[8]  Our order specified that Bailey was required to comply with Appellate Rule 14(B)(3), which required, in relevant part, that Bailey file her notice of appeal "within fifteen (15) days of the Court of Appeals' order accepting jurisdiction over the interlocutory appeal."  Therefore, Bailey's notice of appeal was due on or before January 4, 2016.[9]  Bailey filed her notice of appeal on January 5, 2016.

[8]      After Bailey filed her Appellant's Brief, the State filed a motion to dismiss her interlocutory appeal, arguing that she had failed to timely file her notice of appeal.  Specifically, the State argued that Bailey's notice of appeal was one day late and that there were no "extraordinary compelling reasons" to excuse her failure to timely file her notice of appeal.  (State's Motion to Dismiss at 2) (quoting *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014)).

[9]      Bailey filed a response in opposition to the State's motion.  She acknowledged that our Court issued its order on December 18, 2015 and that she was required to file her notice of appeal within fifteen days of that order, or in this case, by January 4, 2016.  To excuse her failure, she argued that "the Clerk of the Court did not provide notice of the Court's Order until 4:01 P.M. . . ."  (Bailey's Opposition Motion at 1).  Bailey contended that the time of 4:01 p.m. was "CST" or Central Standard Time, which would then make it at 5:01 "EST" or

---

[8] The file stamp for our Court's December 18, 2015 order indicates that the order was entered at 2:57 p.m.

[9] Fifteen days from December 18, 2015 was Saturday January 2, 2016; however, because that day was a non-business day, the due date for the notice of appeal was Monday January 4, 2016.  *See* Ind. Appellate Rule 25.

Eastern Standard Time and "after the close of business on Friday, December 18, 2015." *Id.* Bailey reasoned that because she "did not receive notice of the Courts [sic] action until after close of business" then "fairness would dictate" that she could start the calculation for her fifteen-day due date on the following business day, Monday December 21, 2015, and that fifteen days from December 21st was January 5, 2016, thereby making her notice of appeal "timely[.]" *Id.* at 2. Bailey alternatively argued that this Court should consider the merits of her interlocutory appeal despite the admittedly one-day late filing of her notice of appeal.

[10] On July 5, 2016, our Court's motions panel denied the State's motion to dismiss but was divided on its ruling. (Kirsch, Brown, JJ., concur, Sharpnack, Sr. J., dissents). Thereafter, the State filed its Appellee's Brief and raised cross-appeal issues. In relevant part, the State re-raised its motion to dismiss Bailey's appeal.

# Decision

[11] As part of its cross-appeal, the State argues that Bailey has "forfeited her right to pursue this interlocutory appeal by filing an untimely notice of appeal[,]" and it asks this Court to "revisit the motion panel's ruling that declined to dismiss Bailey's appeal due to an untimely notice of appeal." (State's Br. 14).

[12] In response to the State's cross-appeal argument, Bailey asks this Court to "incorporate by reference" her opposition motion previously filed with this Court and contends that the motion panel's decision is now "law of the case"

that cannot be reviewed. (Bailey's Reply Br. 6). We decline Bailey's incorporation request and disagree with her contention.

[13] In regard to her incorporation request, we direct Bailey's attention to Indiana Appellate Rule 46(B)(2), which provides that argument contained in an appellee's brief "shall address the contentions raised in the appellant's argument." Bailey, as cross-appellee, may not evade this requirement by referring us to arguments found in a motion filed at some earlier point in the case. *See Oxley v. Lenn*, 819 N.E.2d 851, 856 (Ind. Ct. App. 2004) (citing *Pluard ex rel. Pluard v. Patients Compensation Fund*, 705 N.E.2d 1035, 1038-39 (Ind. Ct. App. 1999) (holding that an attempt to incorporate an entire argument raised and argued in the trial court by reference in a footnote does not comply with either the letter or the spirit of the former Appellate Rules), *trans. denied*).

[14] Furthermore, in regard to her contention that we cannot review a motions panel decision, we note that although our motions panel has already ruled on the State's motion to dismiss, "[i]t is well established that we may reconsider a ruling by our motions panel." *Wise v. State*, 997 N.E.2d 411, 413 (Ind. Ct. App. 2013). "This court, while reluctant to overrule orders issued by the motions panel, does have inherent authority to reconsider any decision while an appeal remains pending." *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 245 (Ind. Ct. App. 2013) (citing *Simon v. Simon*, 957 N.E.2d 980, 987 (Ind. Ct. App. 2011)), *trans. denied*.

[15] Here, Bailey has attempted to bring this appeal as a discretionary interlocutory appeal. Accordingly, Appellate Rule 14(B) applies and sets forth the procedure to be followed for initiating such an appeal. The part of this procedure that is at issue here is the requirement that Bailey was to file her notice of appeal "within fifteen (15) days" of our Court's "order accepting jurisdiction over the interlocutory appeal." App. R. 14(B)(3).

[16] Our Court issued its order accepting jurisdiction over this discretionary interlocutory appeal on December 18, 2015, and the order specified that Bailey was required to comply with Appellate Rule 14(B)(3). Based on the date of the order, Bailey's notice of appeal was due on or before January 4, 2016.[10] *See* App. R. 14(B)(3). Bailey filed her notice of appeal one day late on January 5, 2016.

[17] Appellate Rule 9(A)(5) provides that "unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited[.]" Our supreme court, however, has explained that an appellate court may restore a right of appeal that has been forfeited if there are "extraordinarily compelling reasons to do so." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014).

[18] In *O.R.*, our supreme court concluded that, in an appeal of a father seeking to challenge the adoption of his child, there were extraordinarily compelling

---

[10] As explained above, fifteen days from December 18, 2015 was Saturday January 2, 2016, but, because that day was a non-business day, the due date for the notice of appeal was Monday January 4, 2016.

reasons that existed to restore the father's forfeited right to appeal. *Id.* at 972. In so finding, the *O.R.* Court cited to: (1) Appellate Rule 1, which provides that our Court may permit deviation from the Appellate Rules; (2) the father's timely attempt to initiate an appeal before the deadline for filing his notice of appeal; and (3) the parent-child relationship as a fundamental liberty interest and one of the most valued relationship of our culture. *Id.* Although not specifically enunciated by the *O.R.* Court, implicit in the Court's finding of extraordinarily compelling reasons was the fact that the father would have been forever precluded from appealing the trial court's adoption order.

[19] Here, however, Bailey is attempting to file a discretionary interlocutory appeal; therefore, she is not forever precluded from appealing the trial court's ruling on her motion to suppress. Indeed, Bailey would be able to appeal the trial court's ruling on her suppression motion following a conviction and timely trial objection to the admission of the challenged evidence. *See Danner v. State*, 931 N.E.2d 421, 426 (Ind. Ct. App. 2010) (explaining that "[w]here a defendant does not perfect an interlocutory appeal from a trial court's ruling on a motion to suppress, but objects to the admission of the evidence at trial, the issue on appeal is . . . framed as whether the trial court abused its discretion by admitting the evidence at trial"), *trans. denied*. Thus, we find no extraordinary compelling reasons to restore Bailey's forfeited right to this discretionary interlocutory appeal, and we dismiss the appeal. *See Blinn v. Dyer*, 19 N.E.3d 821, 822 (Ind. Ct. App. 2014) (explaining that "while we *may* waive the apparent Appellate Rule 9(A)'s forfeiture requirement, we need not do so"). *Cf. Morales v. State*, 19

N.E.3d 292 (Ind. Ct. App. 2014) (reviewing the appeal of a pro se post-conviction petitioner who filed his notice of appeal one day late where he could have petitioned for rehearing to show timely compliance with the notice of appeal filing requirement under the prison mailbox rule), *trans. denied*.

[20]     Dismissed.[11]


Bradford, J., and Altice, J., concur.

---

[11] Our decision to dismiss this appeal should not be construed to reflect our position on the merits of the issues raised in the parties' appellate briefs.