NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0021n.06
Filed: January 8, 2008

No. 06-6399

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CGH TRANSPORT, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| QUEBECOR WORLD, INC., et al. | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before: BOGGS, Chief Judge, GIBBONS, Circuit Judge, and BELL, Chief District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** This case arose out of a billing dispute in which one company provided interstate and intrastate shipping services to the other company. Plaintiff-appellant CGH Transport, Inc. ("CGH") appeals the district court's (1) partial grant of a motion to dismiss, (2) partial grant of summary judgment, (3) denial of a motion to reconsider, and (4) denial of several motions to amend in favor of defendants-appellees Quebecor World, Inc. ("World") and Quebecor World Logistics, Inc. ("Logistics"). For the reasons set forth below, we affirm the rulings of the district court.

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

I.

This case involves a billing dispute between CGH and World and Logistics. In 1997, pursuant to an agreement between the parties, CGH began supplying both interstate and intrastate shipping services to Logistics.[1] CGH alleges that in 2000, 2001, and 2002 the parties entered into agreements for the provision of these shipping services. It further alleges that, although it provided the agreed-upon services, payment was not remitted as required.

The shipments about which payment is disputed were delivered in 2000, 2001, and 2002. Of these approximately 750 shipments, all but nine involved interstate shipments and were shipped from a specific location in one state to a specific location in another state. In addition, none of the shipments involved either a "vehicle used only to distribute newspapers" or "transportation of passengers . . . incidental to transportation by aircraft, transportation of property . . . as part of a continuous movement, or transportation . . . in lieu of . . . aircraft due to circumstances beyond the control of the carrier or shipper." 49 U.S.C. § 13506(a)(7), (8).

CGH initiated this action by filing a verified complaint in Kentucky state court on April 29, 2005. World filed a notice of removal on May 23, 2005. The district court denied CGH's motion to remand on August 19, 2005.

On April 24, 2006, the district court granted Logistics' motion for partial dismissal and granted in part and denied in part World's motion for summary judgment. The court determined that 49 U.S.C. § 14705(a) required that a carrier commence an action to recover charges for shipping services within eighteen months of the claim's accrual, which is the date of delivery, 49 U.S.C. §

---

[1]World is the corporate great-grandparent of Logistics.

14705(g). The district court reasoned that because CGH transported goods across state lines, its interstate shipments were subject to this statute of limitations. Thus, the district court reasoned that CGH was barred from seeking payment for interstate shipping services more than eighteen months after accrual.

On July 25, 2006, the district court denied both CGH's motion to reconsider and its motions for leave to file a second and third amended complaint. As to the motion to reconsider, it explained that CGH now sought to plead exemptions from the statute of limitations in an amended complaint; because these exceptions did not have to be pled in a complaint, the argument that they applied could have been raised earlier, such as in opposition to the defendants' motion for summary judgment and dismissal. It denied the motions to amend because it determined both of the proposed complaints merely alleged additional facts that were unnecessary to resolving the dispute between the parties.

On September 25, 2006, the district count entered an order clarifying that the April 24, 2006 order related to interstate shipments only and the only claims still at issue after its entry were the nine intrastate claims. The order noted that the parties had settled the claims relating to the intrastate shipments. Accordingly, the court dismissed the intrastate shipment claims with prejudice and indicated that the orders of April 24 and July 25 were final and appealable.

II.

A.

1.

We review a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The Supreme

3

Court recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, __U.S. __, 127 S. Ct. 1955 (2007). It explained that the factual allegations must "raise a right to relief above the speculative level." *Id.* at 1965.[2] A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 1974. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). In evaluating a motion to dismiss, a court generally is limited to the complaint and exhibits attached thereto. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

2.

We review a district court's decision to grant summary judgment *de novo*. *Pagan v. Fruchey*, 492 F.3d 766, 770 (6th Cir. 2007). Summary judgment may be granted only if there are no genuine issues of material fact and one party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact. *Matsushita Elec. Indus. Co. v.*

[2]In *Twombly*, the Supreme Court abrogated the pleading standard articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (that a complaint fails to state a claim when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), stating it has "earned its retirement," and calling it "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly,* 127 S. Ct. at 1969.

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *See also* Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In reviewing a district court's decision to grant summary judgment, we view all the facts and the inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

B.

On appeal, in its statement of the case and its statement of facts, CGH devotes considerable time to discovery disputes; it argues it did not receive sufficient discovery. For example, CGH argues the district court did not timely enter a scheduling order that accompanied the parties' Rule 26(f) report, which slowed down the discovery process. It also argues that World's summary judgment motion should not have been granted in part because it did not have the opportunity to conduct sufficient discovery. These arguments, however, are not properly before us because CGH did not raise these discovery-related concerns in the district court by, for example, either bringing a motion to compel discovery or filing an affidavit pursuant to Federal Rule of Civil Procedure 56(f). *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006) ("Allowing [plaintiff] to present a new theory of her case on appeal that was not alleged below would permit her two bites at the apple, a practice that would be very disruptive of orderly trial procedure."). There appears to be no reason that CGH could not have raised these arguments in the district court. *See Mich. Bell Tel. Co. v. Strand*, 305 F.3d 580, 589-90 (6th Cir. 2002) (declining to address a new argument on appeal where a party had knowledge of and opportunity to assert the new theory in the district court).

5

Assuming CGH felt it could not respond adequately to either World's motion for summary judgment or Logistics' partial motion to dismiss[3] due to insufficient discovery, it was required to notify the district court of this problem. Federal Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

CGH, the party seeking additional discovery, had the burden to show that discovery was necessary. *See Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). As CGH failed to raise this argument before the district court, we do not consider it here.

C.

CGH argues the district court erred in determining that the interstate shipment claims are barred by a statute of limitations. "A carrier providing transportation or service subject to jurisdiction under chapter 135 must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues." 49 U.S.C. § 14705(a). A claim regarding a shipment of property accrues "on delivery or tender of delivery by the carrier." 49 U.S.C. § 14705(g). The "statute is complete and unambiguous." *Emmert Indus. Corp. v. Artisan Assocs., Inc.*, 497 F.3d 982, 987 (9th Cir. 2007).

Jurisdiction exists under chapter 135 where goods are transported across state lines. 49 U.S.C. § 13501(1). *See also Martin Moving & Storage, Inc. v. Baker*, 1999 WL 33756649, at *1 (W.D. Ky. 1999). There is no jurisdiction under chapter 135 over "a motor vehicle used only to

---

[3]CGH attached evidence to its opposition to the motion for partial dismissal and therefore presumably understood that the motion would likely be treated as a motion for summary judgment.

distribute newspapers"or over "transportation of property (including baggage) by motor vehicle as part of a continuous movement which, prior or subsequent to such part of the continuous movement, has been or will be transported by an air carrier or (to the extent so agreed by the United States and approved by the Secretary) by a foreign air carrier." *See* 49 U.S.C. § 13506(a)(7), (8)(B).

CGH filed its complaint on April 29, 2005. It attached as an exhibit to its complaint a spreadsheet containing information including the delivery date of the payments at issue. Each of these delivery dates falls in 2000, 2001, or 2002; all goods were therefore delivered outside the 18-month period. Thus, to the extent these shipments were for goods transported across state lines and no exclusions apply, the statute of limitations bars CGH's claim. 49 U.S.C. § 14705(a). The exclusions will be discussed below.

1.

CGH argues that the district court erred in granting Logistics' motion for partial dismissal because in its complaint it "stated under oath that the shipments were exempt from applicable federal law." Specifically, the amended complaint states, "These shipments consisted of exempt shipments pursuant to the federal Motor Carrier Safety Administration's regulations."[4] That the shipments were exempt is not a factual allegation but a legal conclusion. Unlike factual allegations, "we need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc.*, 487 F.3d at 476 (citation omitted). Thus, we are not bound by CGH's conclusion that its shipments are exempt pursuant to the Motor Carrier Safety Administration regulations.

---

[4]In addition, the verified complaint, in which Logistics is not named as a defendant, states, "These Shipments consisted of regulated and exempt shipments, tendered to Plaintiff in its capacity as a freight broker and/or shipped, pursuant to Federal Motor Carrier Safety Administration regulations and other applicable state and federal laws."

7

CGH contends on appeal that when it stated "that a portion of these shipments were exempt from federal law in the pleadings," it relied upon 49 U.S.C. § 13506(a)(7) and (8)(B). It argues that a factual determination was necessary to determine whether the shipments fit within these exemptions. CGH, however, failed to timely raise this argument below as it only advanced different arguments in opposition to the motion for partial dismissal.[5] Thus, we do not consider the argument that the 49 U.S.C. § 13506(a)(7) and 8(B) exemptions apply.

CGH also argues that the district court should have examined facts in response to the motion to dismiss because it needed "evidentiary proof of the nature of the shipments" before it could determine whether to apply the statute of limitations defense to the shipments. Specifically, it argues, the district court needed to evaluate the evidence in order to determine which shipments were interstate and which were intrastate. CGH is correct that the district court needed to consider evidence outside the pleadings in order to make such a determination because the spreadsheet attached to the complaint, a document that may be reviewed in deciding a motion to dismiss, *Amini*, 259 F.3d at 502, does not show each shipment's origin and destination.[6] In addition, CGH attached evidence to its opposition to the motion for partial dismissal and Logistics submitted an affidavit along with its reply.[7] In its reply to the motion to dismiss, Logistics requested that the district court

---

[5]CGH first raised this argument in its motion for reconsideration.

[6]In its motion to dismiss before the district court, Logistics argued that the Load Rate Agreements referenced in the complaint and summarized in Exhibit A to the complaint identified the nine intrastate shipments. These documents could have been properly considered in response to a motion to dismiss. *See Greenberg v. Life Insurance Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). Logistics, however, failed to attach the Load Rate Agreements to its motion to dismiss. Thus, the district court could not have relied upon them.

[7]Logistics requested that the district court consider its affidavit only in the event it converted the motion to dismiss into a motion for summary judgment.

strike references to CGH's evidence and not convert the motion into a motion for summary judgment.

If on a 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b). While the district court did not address whether the motion to dismiss should be converted into a motion for summary judgment, it stated, "For the purposes of this motion, the defendants allege that all but nine of the plaintiff's invoices involve interstate transportation." Logistics and World, however, included that information in the Affidavit of Kevin Neis. The district court thus looked outside the pleadings in making its decision and erred by failing to convert the motion to dismiss to a motion for summary judgment.[8] We thus evaluate the motion under summary judgment standards and conduct *de novo* review.

CGH does not raise a genuine issue of material fact. Logistics met its initial burden by providing evidence that the shipments at issue involved the interstate shipment of goods. CGH provided no evidence to rebut this evidence and has not raised a genuine issue of material fact. Although the district court should have evaluated Logistics' motion under the summary judgment standard, it properly granted the motion.

---

[8]A district court must provide a party with an opportunity to respond with relevant evidence before converting a motion to dismiss pursuant to Rule 12(b)(6) into a motion for summary judgment. *See Briggs v. Ohio Elections Comm'n,* 61 F.3d 487, 493 (6th Cir. 1995). As CGH submitted evidence along with its opposition, it had an opportunity to respond and submit relevant evidence. *See Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998) (holding where defendants filed a motion to dismiss or in the alternative for summary judgment and the plaintiff responded with evidence, he had an opportunity to respond).

9

2.

World's summary judgment motion requested judgment based on the same statute of limitations issue discussed above in relation to Logistics' motion. The district court properly granted in part the motion for the reasons explained above in the discussion as to Logistics because CGH failed to introduce evidence that creates a genuine issue of material fact regarding the applicability of the statute of limitations.[9]

D.

CGH next argues that the district court erred by denying its motion for reconsideration. The denial of a motion for reconsideration generally is reviewed for abuse of discretion, but it is reviewed *de novo* when summary judgment is at stake. *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003). Although it is unclear whether the district court analyzed the motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b), the district court's denial was appropriate in either case.[10]

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted (1) to correct a clear error of law; (2) to account for newly discovered evidence or an

---

[9]The district court also denied in part the motion for summary judgment to the extent World argued it had no relationship with CGH and was not a proper party to the lawsuit. As all but nine shipments are barred by the statute of limitations and the nine remaining claims were settled and have not been appealed, we do not reach this issue.

[10]In its motion before the district court, CGH did not specify whether it brought its motion under Federal Rule of Procedure 59(e) or Federal Rule of Civil Procedure 60(b). The motion was filed ten days after entry of the order granting the motion for partial dismissal and granting in part the motion for summary judgment , as required by Rule 59(e), and the district court appears to have considered the motion under Rule 59(e). Rule 59(e), however, applies to judgments and final orders and CGH sought reconsideration of an order granting summary judgment in part while other claims were pending and no final judgment had been entered.

intervening change in the controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Newly discovered evidence" must have been previously unavailable. *Id.* "Further, under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted).

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a final judgment or order on many grounds including mistake, inadvertence, excusable neglect, "newly discovered evidence which by diligence could not have been discovered in time to move for a new trial under Rule 59(b)," fraud, or "any other reason justifying relief." "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). "In reviewing an order denying Rule 60(b) relief, we have no occasion to review the underlying judgment . . . . Instead, we merely inquire as to whether one of the specified circumstances exists." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Furthermore, the standard for granting a Rule 60(b) motion is higher than the standard for a Rule 59(e) motion. *Id.*

CGH argues that the district court erred in not reconsidering its order in light of additional affidavits "regarding the nature of the shipments" and that manifest injustice resulted. In its motion to reconsider, CGH requested reconsideration because an affidavit included indicated that an exclusion under 49 U.S.C. § 13506(8)(b) applied. Under Rule 59(e), however, CGH has not shown that the newly discovered evidence "was previously unavailable." *See GenCorp, Inc.*, 178 F.3d at

11

834. It is hard to imagine how an affidavit from one of its own witnesses would have been previously unavailable to CGH, and CGH has not explained why it failed to introduce this evidence in opposition to summary judgment. Instead it appears that CGH attempted to introduce evidence in support of new legal arguments that should have been raised earlier. *See Roger Miller Music, Inc.*, 477 F.3d at 395. Nor is there any reason that manifest injustice would result from the denial of the motion. Similarly, under Rule 60(b), none of the circumstances in which relief is appropriate exist. The district court properly denied CGH's motion for reconsideration.

## E.

Finally, CGH argues the district court erred by denying its motion to amend. The district court's denial of a motion to amend a complaint is reviewed for abuse of discretion. *Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006). "An abuse of discretion is defined as 'a definite and firm conviction that the trial court committed a clear error of judgment.'" *Harlamert v. World Finer Foods, Inc.*, 489 F.3d 767, 773 (6th Cir. 2007) (quoting *Trepel v. Roadway Exp., Inc.*, 194 F.3d 708, 716 (6th Cir. 1999)).

"In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).

The district court did not abuse its discretion in denying the motions to amend. It found that allowing the amendments would be futile, because once it had denied the motion to reconsider, "[t]he additional factual allegations [were] not necessary for the resolution of the dispute between the parties." It also concluded that the proposed amended complaints do not "advance additional claims, join additional parties, or otherwise put the defendants on notice that they will have to defend against additional claims." The district court was correct in these conclusions. Furthermore, World and Logistics would suffer undue prejudice if CGH were allowed to amend its complaint after the entry of summary judgment. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306-07 (6th Cir. 2000) (upholding denial of leave to amend complaint where amendment was sought more than a year after original complaint was filed, summary judgment had been granted to defendants two months earlier, and plaintiff was attempting to add a new legal theory). Finally, CGH has not offered a justification for the late filing of its motions to amend. *See Wade*, 259 F.3d at 459. Accordingly, the district court did not err by denying CGH's motion to amend.

III.

For the foregoing reasons, we affirm the district court's decision.