ATTORNEYS FOR APPELLANT
KENNEDY TANK & MFG. CO., INC.

Craig J. Helmreich
Brandon K. Wiseman
Scopelitis, Garvin, Light, Hanson, &
Feary, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLANT HEMLOCK
SEMICONDUCTOR CORPORATION AND
HEMLOCK SEMICONDUCTOR, LLC

A. Richard M. Blaiklock
Charles R. Whybrew
Edward D. Thomas
Lewis Wagner, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

John R. Maley
T. Joseph Wendt
Barnes & Thornburg LLP
Indianapolis, Indiana



FILED

Apr 22 2016, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

Kennedy Tank & Mfg. Co., Inc.,

*Appellant-Defendant / Third-Party*

*Plaintiff*,

and

Hemlock Semiconductor Corp.,
and Hemlock Semiconductor,
LLC,

*Appellant-Third-Party Defendants,*

April 22, 2016

Court of Appeals Case No.
49A02-1507-CT-934

Appeal from the Marion Superior
Court

The Honorable Heather A. Welch,
Judge

Trial Court Cause No.
49D01-1501-CT-2052

v.

Emmert Industrial Corporation,
d/b/a Emmert International,

*Appellee-Plaintiff.*

**May, Judge.**

[1] Kennedy Tank and Manufacturing Company appeals the denial of its motion to dismiss a lawsuit Emmert International brought against Kennedy. The Indiana statute of limitation on which the trial court appears to have relied[1] is preempted by a federal statute establishing a shorter limitations period. As Emmert did not bring its lawsuit within that period, Kennedy's motion should have been granted, and we must therefore reverse.[2]

---

[1] The trial court's judgment refers to a "10 year (120 months [sic]) Indiana statute of limitations," (Appellant's App. at 8), but never explicitly says which statute that is. The parties appear to agree that the applicable statute is Ind. Code § 34-11-2-11 (an action on certain contracts in writing must be commenced within ten years after the cause of action accrues).

[2] Emmert also asserts dismissal was precluded by fact questions concerning whether Kennedy was estopped from asserting Emmert's action was untimely. Emmert says it raised in the trial court that "if federal law were to apply, factual issues exist as to whether Kennedy is estopped under federal law from asserting untimeliness in filing the action." (Br. of Appellee at 24.) The trial court did not address estoppel in its judgment.

Emmert asserts 1) Kennedy has waived the issue on appeal because it did not respond to the estoppel argument; 2) Hemlock raises the issue for the first time on appeal, which it cannot do; and 3) Hemlock erroneously relies on Indiana, rather than federal precedent. Therefore, Emmert asserts, "the case must proceed below for consideration of federal estoppel principles." (*Id.* at 26.)

## Facts and Procedural History

In April 2011, Kennedy hired Emmert International to transport a piece of commercial equipment 280 feet long and weighing 360,000 pounds from Indiana to Tennessee. It agreed to pay Emmert about $200,000 plus additional expenses Emmert might incur during the move. Emmert encountered a number of unforeseeable problems that caused delays and additional expenses of almost $700,000.

Kennedy would not pay Emmert the additional amounts. Between June and August of 2013 the parties discussed submitting the dispute to arbitration, and

We decline to so hold. Emmert asserts on appeal there are fact questions as to federal estoppel principles, but does not indicate what those questions are or offer any argument why they preclude dismissal. Ind. Appellate Rule 46(A)(8)(a) requires that "[t]he argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on." *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002), *reh'g denied, trans. denied*. An allegation of error is waived on appeal if an argument does not meet that standard. *See In re K.B.*, 793 N.E.2d 1191, 1198 n.4 (Ind. Ct. App. 2003) (appellant "failed to present cogent argument with regard to the juvenile court's denial of its October 22, 2002 Motion to Dismiss, as required by App. R. 46(A)(8)(a). Consequently, we find the issue waived.").

While Emmert does not articulate in its appellate brief the fact questions it asserts require the case to proceed below, it directs us to two pages in the appendix where it says such questions were raised: "Emmert's opposition to dismissal was clear in asserting that *if* a federal limitations were applied, then under *federal* estoppel law, factual issues exist precluding dismissal. [A301-302] Emmert properly cited to Seventh Circuit estoppel authority." (Br. of Appellee at 26) (emphasis and bracketed material in original).

We have often stated that on review, we will not search the record to find a basis for a party's argument, *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997), and we decline to do so here. In *Oxley v. Lenn*, 819 N.E.2d 851 (Ind. Ct. App. 2004), to support his claim that his failure to tender the summons with the complaint did not constitute legal malpractice "Lenn 'direct[s] this Court's attention' to the argument section of his summary judgment brief submitted to the trial court and asks us to incorporate by reference said argument. We refuse to do so." *Id*. at 855 n.2. We noted Ind. Appellate Rule 46(B)(2) provides that argument contained in an appellee's brief "shall address the contentions raised in the appellant's argument," and that "Lenn may not evade this requirement by referring us to arguments found in a brief filed at some earlier point in the case." *Id*. *And see Greg Allen Const. Co., Inc. v. Estelle*, 762 N.E.2d 760, 778-79 (Ind. Ct. App. 2002) (appellant waived an issue for appellate review where it presented no argument but instead merely asked appellate court to incorporate by reference its argument to the trial court), *aff'd in relevant part, vacated in part on other grounds*.

on January 22, 2015, Emmert sued Kennedy for breach of contract, or in the alternative, unjust enrichment. On February 13, 2015, Kennedy moved to dismiss[3] on the ground Emmert did not bring the action within the eighteen-month limitations period set forth in 49 U.S.C. § 14705(a), which Kennedy asserts preempts Indiana's ten-year limitation period. The trial court denied the motion to dismiss. It determined the ten-year Indiana limitations period applied.

## Discussion and Decision

Kennedy moved to dismiss Emmert's complaint pursuant to Ind. Trial Rules 12(B)(1) (lack of subject matter jurisdiction) and 12(B)(6) (failure to state a claim upon which relief can be granted).

Our standard of review of a grant or denial of a motion to dismiss pursuant to Trial Rule 12(B)(1) is a function of what occurred in the trial court. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001). It depends on: (1) whether the trial court resolved disputed facts; and (2) if it did, whether it conducted an evidentiary hearing or ruled on a paper record. *Id*. If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded to the trial court's conclusion. *Id*. In

---

[3] The motion to dismiss before us was Kennedy's. Hemlock was the consignee of the shipment at issue and is a party to this appeal because Kennedy impleaded it, alleging Hemlock might be responsible for some or all of the shipping charges Emmert demanded. Hemlock participated in this appeal, submitting briefs and an appendix.

that case, review is *de novo*. *Id*. Likewise, when reviewing a final judgment, we review all conclusions of law *de novo*. *Ind. Dep't of Ins. v. Everhart*, 960 N.E.2d 129, 133 (Ind. 2012). As the facts here are not in dispute, we review *de novo* the trial court's judgment.

[6] A motion to dismiss under Trial Rule 12(B)(6) tests the legal sufficiency of a complaint -- that is, whether the allegations in the complaint establish any circumstances under which a plaintiff would be entitled to relief. *Lockhart v. State*, 38 N.E.3d 215, 217 (Ind. Ct. App. 2015). When evaluating the grant or denial of a Trial Rule 12(B)(6) motion, we accept as true the facts alleged in the complaint, consider the pleadings in the light most favorable to the plaintiff, and draw every reasonable inference in favor of the non-moving party. *Id*.

[7] Because federal law is the supreme law of the land under the Supremacy Clause of the United States Constitution, state laws that interfere with or are contrary to federal law are invalidated under the preemption doctrine. *In re Beck's Superior Hybrids, Inc.*, 940 N.E.2d 352, 356 (Ind. Ct. App. 2011). When conducting a preemption analysis we start with a presumption that Congress did not intend to supplant state law. *Id*.

[8] 49 U.S.C. § 14705(a) provides: "A carrier providing transportation or service subject to jurisdiction under chapter 135 must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues." The best evidence of preemptive intent is an express preemption clause. *Basileh v. Alghusain*, 912 N.E.2d 814, 818 (Ind. 2009). None

of the parties argue 49 U.S.C. § 14705 expressly preempts the Indiana statute, but at least one court has suggested it does expressly preempt state statutes of limitation. In *Arctic Exp., Inc. v. Del Monte Fresh Produce NA, Inc.*, 366 B.R. 786, 793 (S.D. Ohio 2007), the court first noted determination of the meaning of a statute begins with the plain language of the statute itself, and found that with regard to 49 U.S.C. § 14705, "this is also where the inquiry should end." *Id*.

[9] It determined the statutory language

> expresses Congress' intent that the eighteen-month statute of limitations shall apply to all carriers who bring civil actions to recover charges for transportation of interstate goods.

> Arctic is a motor carrier and all deliveries at issue were interstate. Therefore, the plain meaning of the statute states that Arctic must bring its claims to recover Freight Charges within eighteen months of the claims' accrual (*i.e.*, within eighteen months of delivery or tender of delivery).

*Id*.

[10] In the absence of explicit preemption language, we examine the structure and purpose of the federal statute for implicit preemptory intent. *Basileh*, 912 N.E.2d at 818. Preemptive intent may be inferred if the scope of the statute indicates that Congress intended federal law to occupy the legislative field[4]

---

[4] Field preemption occurs when a pervasive scheme of federal regulation makes it reasonable to infer that Congress intended exclusive federal regulation of the area. *Basileh*, 912 N.E.2d at 818. The Interstate Commerce Act, as originally enacted, was a wide-ranging act that heavily regulated the transportation of goods and people between the states. *Arctic Exp.*, 366 B.R. at 790 (citing *Verizon Commc'ns, Inc. v. F.C.C.*, 535

("field preemption"), or if there is an actual conflict between state and federal law so that it is impossible to comply with both ("conflict preemption"). *Id.*

It does not appear our Indiana appellate courts have addressed the preemptive effect of 49 U.S.C. § 14705. A number of other courts have, though. As best we can determine, the other courts have all held state statutes of limitation that establish periods longer than the federal statute are preempted. We are persuaded by those decisions.

[11] A Georgia appellate court surveyed decisions addressing this question in *Exel Transp. Servs., Inc. v. Sigma Vita, Inc.*, 654 S.E.2d 665, 669 (Ga. Ct. App. 2007). It held 49 U.S.C. § 14705(a) "necessarily preempts any state law providing for a longer limitations period." *Id.* (citing *Emmert Indus. Corp. v. Artisan Assocs., Inc.*, 497 F.3d 982, 989-90 (9th Cir. 2007)). The *Exel* court also pointed to *J.F. Barton Contracting Co. v. Southern R. Co.*, 380 S.E.2d 724 (Ga. Ct. App. 1989) (holding

---

U.S. 467, 478 n.3 (2002)). The intensive federal regulation of interstate transport largely came to an end in 1995, when Congress passed the Interstate Commerce Commission Termination Act, 49 U.S.C. ch. 137.1. *Id.* The ICCTA deregulated most sectors of road transport and relieved road carriers from having to file tariffs describing their rates in detail. *Id.*

Emmert argues the deregulation reflects Congress' intent to no longer occupy the legislative field. As to the statute of limitations, however, the *Arctic Express* court found otherwise, noting when Congress passed the ICCTA, it retained the Interstate Commerce Act's statute of limitations applicable to claims brought by carriers against shippers:

> If Congress had intended to eliminate the statute of limitations when it deregulated the industry in 1995, it could have done so. When Congress amends one portion of a statute, leaving another portion unchanged, it can be inferred that the decision not to alter the latter portion was just as intentional as the decision to alter the former. *Dep't of Hous. & Urban Dev. v. Rucker*, 535 U.S. 125, 122 S.Ct. 1230, 152 L.Ed.2d 258 (2002). As twelve years have elapsed since deregulation, Congress has had ample time to amend the law and remove the statute of limitations.

*Id.* at 793.

that former 49 U.S.C. § 11706 (1993), predecessor to 49 U.S.C. § 14705(a),

preempted Georgia's renewal statute), *cert. denied*:

> Moreover, "nothing in the text or context of § 14705(a) indicates that the eighteen-month limitations period is restricted to claims . . . arising under federal law." *Emmert Indus. Corp.,* 497 F.3d at 988. *See also CGH Transport v. Quebecor World*, Case No. 05–209–JBC, 2006 WL 1117659, *2 (E.D. Ky. April 24, 2006) ("That [a party's] claims are not preempted by federal law does not preclude the defendants from relying on federal law to provide an affirmative defense.") [*aff'd*, 261 Fed. Appx. 817 (6th Cir. 2008)]. Accordingly, Sigma's state law claims for breach of contract and recovery on an open account are nonetheless subject to the federal statute of limitation affirmative defense.

*Id*.

[12]  The court in *Arctic Express* also surveyed a number of federal decisions, all of which found preemption:

> This Court is persuaded by the logic in the recent case of *CGH Transp. Inc. v. Quebecor World Logistics, Inc.*, 2006 WL 1117659, 2006 U.S. Dist. LEXIS 22657 (E.D. Ky. Apr. 24, 2006) [*aff'd*, 261 Fed. Appx. 817 (6th Cir. 2008)]. In *CGH Transport*, the Eastern District of Kentucky was faced with precisely the same facts present in the instant case: the carrier claimed that the shipper had not paid its bills for freight charges, and the shipper sought to defend itself under the eighteen-month statute of limitations in 49 U.S.C. § 14705(a). The carrier argued that under *Central Transport* [*Int'l v. Sterling Seating, Inc.*, 356 F. Supp. 2d 786 (E.D. Mich. 2005)] and *Transit Homes* [*of Am., Div. of Morgan Drive Away, Inc. v. Homes of Legend, Inc.*, 173 F. Supp. 2d 1185 (N.D. Ala. 2001)] its state law claims were not preempted by federal law, and therefore, the eighteen-month statute of

limitations did not apply. *Id.*, 2001 WL 1464152, *2, at *4. The court found that while the carrier could bring state-based causes of actions, it had to do so within the federal statute of limitations:

> *Central Transport* and *Transit Homes* considered whether the Interstate Commerce Commission Termination Act ("ICCTA") gave rise to a cause of action for unpaid shipping charges for the purposes of establishing federal question jurisdiction. However, as neither case discussed the applicable statute of limitations, they are distinguishable from the instant case. That [the carrier's state law] claims are not preempted by federal law does not preclude the defendants from relying on federal law to provide an affirmative defense. [The carrier here] states that its claims are based on breach of contract; unjust enrichment/*quantum meruit*; conversion; a constructive trust theory; and fraud. Even so styled, as these causes of action attempt to recover charges for interstate transportation and services, they are subject to the eighteen-month statute of limitations. Artful pleading will not cloak a plaintiff's claim from the otherwise applicable law.

*Id.* at *2, at *5 (internal citations omitted) (emphasis added). Similarly, in the case at bar, just because Arctic can bring its state-law claims, because the parties agree that they are not preempted by federal law, it does not follow that a federal-law statute of limitations defense is unavailable to Del Monte.

366 B.R. at 791-92.

[13] The *Arctic Express* court went on to note that

while the state causes of action themselves may not be preempted by federal law, the state statute [sic] of limitations are in direct conflict with 49 U.S.C. § 14705(a), and would therefore be preempted by such time limitation. . . . In this case, the Bankruptcy Court, nor any party, has explained why a six-year state law statute of limitations does not directly conflict with an eighteen-month statute of limitations under federal law. The purpose of the Interstate Commerce Act was to provide a uniform system of regulations for the transportation of goods and people in interstate commerce for the nation, and to do away with inconsistent state policies. *See S. Pac. Transp. Co. v. Commercial Metals Co.* 456 U.S. 336, 344, 102 S.Ct. 1815, 72 L.Ed.2d 114 (1982). Permitting Ohio's state statute of limitations to trump the federal statute of limitations at 49 U.S.C. § 14705(a) would certainly "stand as an obstacle" to Congressional intent. Therefore, in this case, to the extent that Ohio law provides otherwise, Ohio law is preempted by 49 U.S.C. § 14705(a).

*Id*. at 792 n.2.

[14] The trial court in the case before us found no conflict preemption because "there is no reason why a shipper would not be able to comply with both statutes, at the same time, by bringing a claim prior to the 18 month deadline in the ICCTA." (Appellant's App. at 10.) It cited to no legal authority to support the premise that there is no "conflict" if a party can comply with both statutes simply by bringing an action within the shorter limitations period, and in light of the *Arctic Express* reasoning, we decline to so hold. The Indiana statute of limitations is preempted by the federal statute.

# Conclusion

As Emmert did not bring its action against Kennedy within the applicable limitations period, Kennedy's motion to dismiss should have been granted. We must therefore reverse.

Reversed.

Najam, J., concurs.

Riley, J., concurs in part, and dissents in part, with separate opinion.

| | |
|---|---|
| Kennedy Tank & Mfg. Co., Inc., | Court of Appeals Case No. 49A02-1507-CT-934 |
| *Appellant-Defendant/Third-Party* | |
| *Plaintiff* | |
| and | |
| Hemlock Semiconductor Corp. and | |
| Hemlock Semiconductor, LLC, | |
| *Appellants-Third-Party Defendants,* | |
| v. | |
| Emmert Industrial Corporation d/b/a Emmert International, | |
| *Appellee-Plaintiff.* | |

**Riley, Judge concurring and dissenting**

[17] I concur with the majority's determination that 49 U.S.C. § 14705(a) preempts the statute of limitations set forth in Indiana Code section 34-11-2-11; therefore,

Emmert failed to bring its action against Kennedy in a timely manner. However, I must dissent with respect to the majority's resolution of Emmert's estoppel claim.

[18] On appeal, Emmert insists that even if the eighteen-month federal statute of limitations applies—as this court holds that it does, its claim should not have been dismissed because Kennedy should be estopped from asserting the statute of limitations as an affirmative defense. As detailed by the majority in Footnote 2, Emmert's argument on this issue is devoid of any cogent reasoning or appropriate citations. Ind. Appellate Rule 46(A)(8)(a). Nonetheless, notwithstanding that Emmert has technically waived its argument, I find that this issue should be determined on its merits.

[19] In its Complaint, Emmert asserted that in completing its performance pursuant to its contract with Kennedy, it incurred expenses of $691,301.03 in addition to the original contract price of $197,650. According to Emmert, after it delivered Kennedy's equipment on November 11, 2011,

> Kennedy paid Emmert $150,000 but refused to pay any additional amounts owed Emmert. The parties continued to discuss their dispute into January 2013. In June—August 2014, the parties even discussed submitting their dispute to arbitration for resolution. Then, in September 2014, Kennedy for the first time advised Emmert that it refused to pay Emmert anything additional, asserting that Emmert's claim for the owed amounts—attributable to the valued service it provided Kennedy—was now time-barred pursuant to 49 U.S.C. § 14705(a).

(Appellant's App. pp. 14-15).

[20] Subsequently, in response to Kennedy's motion to dismiss, Emmert filed a response arguing that there were factual questions as to whether principles of equitable estoppel precluded dismissal. "The federal doctrine of equitable estoppel applies to federal statutes of limitation." *F.D.I.C. v. Kime*, 12 F.Supp.3d 1113, 1119 (S.D. Ind. 2014). As the Seventh Circuit Court of Appeals has explained, "[e]quitable estoppel suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing, as by promising the plaintiff not to plead the statute of limitations pending settlement talks or by concealing evidence from the plaintiff that he needed in order to determine that he had a claim." *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 9 F.3d 1236, 1241 (7th Cir. 1993). "Equitable estoppel necessarily raises questions of fact." *F.D.I.C.*, 12 F.Supp.3d at 1119.

[21] In this case, Emmert asserted that

> [t]he facts here fit the . . . definition for equitable estoppel perfectly. The parties discussed resolution of this dispute for months after Kennedy Tank refused to pay Emmert in full. They continued to discuss resolution, including the option of submitting their dispute to arbitration, even after the [eighteen]-month statute of limitations on which Kennedy Tank now relies had expired.
>
> During those months of discussion and potential resolutions, Kennedy Tank never mentioned § 14705(a), directly or indirectly. Instead, it continued to negotiate with Emmert. Only after

Kennedy Tank was certain that the [eighteen]-month statute had passed did it refuse Emmert full payment and claim any lawsuit to recover the amount it owed Emmert would be time-barred.

Simply, Kennedy Tank strung Emmert along long enough to avoid payment to Emmert. Kennedy Tank "by words, acts, and conduct led [Emmert] to believe that it would acknowledge and pay the claim, if, after investigation, the claim were found to be just, but when, after the time for suit had passed, [it broke] off negotiations and denie[d] liability and refuse[d] to pay." Those facts, asserted in Emmert's complaint, raise a question of fact regarding application of equitable estoppel that prevents dismissal of Emmert's claims . . . .

(Appellant's App. p. 302) (fifth, sixth, seventh, and eighth alterations in original) (quoting *Bomba v. W. L. Belvidere, Inc.*, 579 F.2d 1067, 1071 (7th Cir. 1978)). In addition, Emmert raised the same equitable estoppel argument during the hearing on Kennedy's motion to dismiss.

[22] Because the trial court ruled in Emmert's favor—*i.e.*, it denied Kennedy's motion to dismiss on its finding that 49 U.S.C. § 14705 does not preempt the relevant Indiana statute of limitations—the trial court did not address Emmert's estoppel claim in its Order. As there is nearly $700,000 at stake in this case, I would remand with instructions for the trial court to conduct further

proceedings and make a factual determination as to whether Kennedy should

be equitably estopped from asserting a statute of limitations defense.[5]

---

[5] In its reply brief, Kennedy contends that 49 U.S.C. § 14705(a) is a statute of repose rather than a statute of limitations, and "[t]he Seventh Circuit has held that, where federal statutes of limitations can be equitably estopped, statutes of repose cannot." F.D.I.C., 12 F.Supp.3d at 1119.